# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

FILED

MAY - 8 2017

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| THE INSTAGRAM USER IDS: | ) |
| "MR_SWAGGEDOUTT", | ) |
| "JOKERHOUND," | ) |
| "BOSSTALK79," | ) |
| THAT ARE STORED AT PREMISES CONTROLLED BY | |
| INSTAGRAM, LLC | |

UNDER SEAL

Case No. 4:17 SW 21

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute cocaine and heroin |
| 21 U.S.C. § 841 | Distribution of cocaine and heroin |

The application is based on these facts:

See affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

REVIEWED AND APPROVED:

Eric M. Hurt
Assistant United States Attorney

*Applicant's signature*

FBI Special Agent Jason Holsinger
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ~~04/27/2017~~ May 8, 2017

*Judge's signature*

City and state:  Newport News, Virginia

, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profiles with usernames listed below that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company that is owned by Facebook, Inc. and headquartered in Menlo Park, California.

   a.  "mr_swaggedoutt" with unique web address:

   https://www.instagram.com/mr_swaggedoutt/

   b.  "jokerhound" with unique web address:

   https://www.instagram.com/jokerhound/

   c.  "bosstalk79" with unique web address:

   https://www.instagram.com/bosstalk79/

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be disclosed by Instagram, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information to the government for each account listed in Attachment A:

a.   All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.   All past and current usernames associated with the account;

c.   The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.   All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.   All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.   All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.   All communications or other messages sent or received by the account;

h.   All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i.   All photographs and images in the user gallery for the account;

j.   All location data associated with the account, including geotags;

k.   All data and information that has been deleted by the user;

l.      A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.     A list of all users that the account has "unfollowed" or blocked;

n.      All privacy and account settings;

o.      All records of Instagram searches performed by the account, including all past searches saved by the account;

p.      All information about connections between the account and third-party websites and applications; and,

q.      All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, U.S.C., Sections 846 and 841 involving KAREEM BROWN, GWENDOLYN WALLER, DONNEL SEDGWICK and JARED JOHNSON since January 1, 2014, including, for each username identified on Attachment A, information pertaining to the following matters:

(a)   Communications involving the sale of illegal narcotics, sale and trafficking of firearms, recruitment of gang members, organized criminal acitivity by both members and associates of the gang(s), threats of bodily harm and any other conspiratorial knowledge of the overall criminal activity of the Drug Trafficking Organization (DTO) and those associated with the DTO.

(b)   Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

(c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user IDs described in Attachment A about matters relating to the overall organized criminal activity of those in and associated with the DTO including records that help reveal their whereabouts.

## IN THE UNITED STATES DISTRICT COURT

### FOR EASTERN DISTRICT OF VIRGINIA

IN RE SEARCH OF INFORMATION ASSOCIATED WITH
THE INSTAGRAM USER ID:
"MR_SWAGGEDOUTT", WITH UNIQUE WEB ADDRESS:
HTTPS://WWW.INSTAGRAM.COM/MR_SWAGGEDOUTT/
"JOKERHOUND," WITH UNIQUE WEB ADDRESS:
HTTPS://WWW.INSTAGRAM.COM/JOKERHOUND/
"BOSSTALK79," WITH UNIQUE WEB ADDRESS:
HTTPS://WWW.INSTAGRAM.COM/BOSSTALK79/
THAT IS STORED AT PREMISES CONTROLLED BY
INSTAGRAM, LLC

**UNDER SEAL**

Case No. 4:17 SW 21

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Jason Holsinger, a Special Agent with the Federal Bureau of Investigation being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.    I make this affidavit in support of an application for a search warrant for information associated with a certain Instagram used ID that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, ("Instagram") a social-networking company owned by Facebook, Inc. and headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to require Instagram to disclose to the government, records and other information in its possession, including the contents of communications, pertaining to the subscriber or customer associated with the user ID.

2.    I am a Special Agent with the Federal Bureau of Investigation and have been since July of 2014. Your affiant is an investigator or law enforcement officer of the United

States (U.S.) within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7), that is, an officer of the U.S. who is empowered to conduct investigations and to make arrests for the offenses enumerated in Title 18, U.S.C., Section 2516.  I am currently a member of the FBI Safe Streets Peninsula Task Force (SSPTF), which is comprised of FBI Special Agents and full-time dedicated Task Force Officers from the Hampton Roads region of Virginia. I have conducted and assisted with investigations of crimes of violence, criminal enterprises, narcotics trafficking, counterterrorism and foreign counterintelligence.  I hold a Bachelor of Science degree, and have completed multiple law enforcement training academies with both the FBI and the at Federal Law Enforcement Training Center (FLETC). I was formerly assigned to the FBI Washington Field Office, Special Surveillance Group, where in addition to my investigative duties I served as a certified member of the Hazardous Evidence Response Team.

      3.     · The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

      4.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, U.S.C., Sections 846 and 841 have been committed by KAREEM BROWN also known as (AKA) WAVEY, GWENDOLYN WALLER, JARD JOHNSON and DONNELL SEDGWICK. There is also probable cause to search the information described in Attachment A for evidence of these crimes and items to be seized listed in Attachment B.

4

## Probable Cause

5.      In September of 2015, a Confidential Source (CS) provided information to the

SSPTF on an individual known as WAVEY. CS knew WAVEY to be a Bloods gang member,

involved in the trafficking of heroin, cocaine and marijuana, who associated with other Bloods

gang members in the Hampton Roads area of Virginia. During one encounter in 2014, CS

observed WAVEY in possession of approximately 10 or more pounds of marijuana, over four

ounces of cocaine and a large quantity of heroin. CS described the heroin as light brown or tan in

color. During a separate encounter, CS observed WAVEY in possession of a firearm that CS

described as belonging to a fellow gang member.

6.      In May of 2016, FBI agents arrested JOHNATHAN WILLIAMS for possession

of heroin and a firearm subsequent to a traffic stop conducted by the Virginia State Police.

WILLIAMS pled guilty to Possession with Intent to Distribute Heroin and Possession of a

Firearm in Furtherance of a Drug Trafficking Offense and was debriefed by agents. During those

debriefs, WILLIAMS spoke about a fellow Bloods gang member who went by the moniker

WAVEY. WAVEY supplied WILLIAMS with both heroin and cocaine; he referenced one

occasion in particular when WAVEY brought down 500 grams or one-half of a kilo of cocaine to

Virginia.

7.      In 2016, a review of Facebook photos posted to the accounts of other Bloods gang

members led to the discovery of an Instagram account with the account name "mr_swaggedoutt."

A review of the photos posted to that particular account led to the discovery of a photo of

WAVEY that agents had in their possession. That photo in particular was shown to WILLIAMS

during a debrief and WILLIAMS positively identified the person in that photo as WAVEY.

Other photos posted to "mr_swaggedoutt" revealed a residence with particular identifying

aspects that agents were able to match with photos on the website Zillow. Additionally, further investigation led to the identification of 139 Betsy Ross Drive, Freehold, New Jersey as the residence in those photos, a residence purchased by GWENDOLYN WALLER.

8.     In 2017, a review of photos and videos posted to "mr_swaggedoutt" revealed the individual known to agents as KAREEM BROWN aka WAVEY, a Felon, in possession of a firearm at what appears to be a gun range. In one video, BROWN is observed shooting the firearm and then looking at the camera after he is done. In another photo, BROWN is posing by a countertop aside a black handgun with a "drum" style high-capacity magazine. In the same photo, $5000 in cash is sitting in a pot beside a box of baking soda. Based on the affiant's training and experience, drug dealers will often "cook" powder cocaine into crack-cocaine through a process called "whipping." During this process, powder cocaine is mixed with baking soda and water, and is heated in a pot while stirred ultimately producing what is known as crack-cocaine.

9.     On February 8, 2017 BROWN and WALLER were arrested during a traffic stop conducted by the Virginia State Police. During a search of the vehicle, over four ounces of suspected heroin was located in the glove compartment directly in front of the passenger seat where BROWN was sitting. BROWN and WALLER were charged with Possession with Intent to Distribute Heroin, Trafficking a Schedule I Narcotics into the Commonwealth and two counts of Conspiracy to Commit a Felony. On the night of traffic stop, agents spoke to WALLER regarding her knowledge of BROWN's involvement with both the Bloods and narcotics. WALLER stated that she knew BROWN to be affiliated with the Bloods and had seen photos of him displaying gang signs with his hands.

10.     During the conversation with WALLER, she also stated that BROWN did have an Instagram account and that she had seen photos that were posted to that account. She mentioned occasions where BROWN was in possession of a firearm, some specific occasions involved him shooting at a gun range as recently as December 2016. WALLER provided consent for agents to review the photos in her phone for any pictures of BROWN, to which WALLER acknowledged there were. WALLER provided agents with the password to her iPhone and photos/videos of BROWN were observed in her presence. In on video, BROWN is filmed shooting a firearm at a gun range. That video contained the same footage from a video previously observed on BROWN's Instagram account "mr_swaggedoutt."

11.     BROWN's Instagram account at the time was not set to a "private" preference and was able to be viewed publicly. A function exists on Instagram where "suggested" accounts are populated and provided to viewers. Account listed under "suggested" at the times included the accounts "jokerhound" and "bosstalk79." The account "jokerhound" is known to be utilized by an individual known to agents as JARED JOHNSON AKA JOKER HOUND. JOHNSON is a known Bloods gang member residing in the Hampton Roads area of Virginia and the FBI has confirmed that he sells illegal narcotics. The account "bosstalk79" is known to be utilized by an individual known to agents as DONNELL SEDGWICK. SEDGWICK is a known Bloods gang member residing in the Hampton Roads area of Virginia and the FBI has confirmed that he sells illegal narcotics. Confidential Sources have provided corroborating information to law enforcement that both JOHNSON and SEDGWICK have sold both cocaine and a form of MDMA called "molly." During a recorded jail call, made on February 11, 2017, BROWN asks the other party if she had spoken to "MIKEY." BROWN referenced "jokerhound" and "bosstalk79" as persons that he wanted "MIKEY" to reach out to.

7

12.     The Instagram accounts of both SEDGWICK and JOHNSON are set to "private," however, review of the Facebook accounts utilized by both SEDGWICK and JOHNSON revealed numerous photographs where known Bloods gang signs are displayed with their hands. There are also photos where both JOHNSON and SEDGWICK, along with other known Bloods gang members are present in the photograph. One photograph in particular, posted to JOHNSON's Facebook account, contains numerous Bloods gang members including WILLIAMS. Comments posted to both accounts by JOHNSON, SEDWICK and other Bloods gang members include coded language and words commonly used by Bloods gang members. References are also made to private messaging, a function used to communicate privately and unable to be viewed by others, including law enforcement.

13.     From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

14.     Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information.  Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

15.     Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter.  When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a

user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

16.     Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

17.     Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

18.     Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

19.     Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block them, which prevents the blocked user from following that user.

20.     Instagram allows users to post and share various types of user content, including photos, videos, captions, comments, and other materials.  Instagram collects and maintains user content that users post to Instagram or share through Instagram.

21.     Instagram users may send photos and videos to select individuals or groups via Instagram Direct.  Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

22.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

23.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

24.     Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram.  For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

25.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which include data files and other information that may identify the particular electronic device that was used to access Instagram.

26.    Instagram also collects other data associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

27.    Instagram also may communicate with the user, by email or otherwise.  Instagram collects and maintains copies of communications between Instagram and the user.

28.    On October 17, 2016 and again on February 17, 2017, I served Instagram with a preservation request pursuant to 18 U.S.C. § 2703(f), requiring Instagram to preserve all information associated with the SUBJECT ACCOUNTS.

29.    As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the

11

chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation. Additionally, Instagram builds geo-location into some of its services. Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other. This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner. Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation. For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

30.     Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the SUBJECT ACCOUNTS, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## Information To Be Searched And Things To Be Seized

31.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Instagram to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I

of Attachment B.  Upon receipt of the information described in Section I of Attachment B,

government-authorized persons will review that information to locate the items described in

Section II of Attachment B.

### Conclusion

32.     Based on the aforementioned factual information, I respectfully submit that there

is probable cause to believe that evidence, fruits, and instrumentalities of violations, or attempted

violations, of Title 21, U.S.C., Sections 846 and 841 may be located in the SUBJECT

ACCOUNTS described in Attachment A.

33.     This Court has jurisdiction to issue the requested warrant to Instagram because it

is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a),

(b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States," located in

the Eastern District of Virginia that – has jurisdiction over the offense being investigated."  18

U.S.C. § 2711(3)(A)(i).

34.     Based on the forgoing, I request that the Court issue the proposed search warrant.

35.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not

required for the service or execution of this warrant.  Because the warrant will be served on

Instagram, who will then compile the requested records at a time convenient to it, there exists

reasonable cause to permit the execution of the requested warrant at any time in the day or night.

### REQUEST FOR SEALING

36.     I further request that the Court order that all papers in support of this application,

including the affidavit and search warrant, be sealed until further order of the Court.  These

documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation.  Accordingly, there is good cause to seal these documents

because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Jason Holsinger
Special Agent
Federal Bureau of Investigation


SUBSCRIBED and SWORN to before me on __May 8_____, 2017


UNITED STATES MAGISTRATE JUDGE


14

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profiles with
usernames listed below that is stored at premises owned, maintained, controlled, or operated by
Instagram, LLC, a company that is owned by Facebook, Inc. and headquartered in Menlo Park,
California.

    a.   "mr_swaggedoutt" with unique web address:

        https://www.instagram.com/mr_swaggedoutt/

    b.   "jokerhound" with unique web address:

        https://www.instagram.com/jokerhound/

    c.   "bosstalk79" with unique web address:

        https://www.instagram.com/bosstalk79/

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Instagram, LLC**

To the extent that the information described in Attachment A is within the possession,

custody, or control of Instagram, LLC, including any messages, records, files, logs, or

information that have been deleted but are still available to Instagram, LLC, or have been

preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to

disclose the following information to the government for each account listed in Attachment A:

a.      All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b.      All past and current usernames associated with the account;

c.      The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.      All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e.      All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f.      All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g.      All communications or other messages sent or received by the account;

h.      All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i.      All photographs and images in the user gallery for the account;

j.      All location data associated with the account, including geotags;

k.      All data and information that has been deleted by the user;

l.     A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m.    A list of all users that the account has "unfollowed" or blocked;

n.     All privacy and account settings;

o.     All records of Instagram searches performed by the account, including all past searches saved by the account;

p.     All information about connections between the account and third-party websites and applications; and,

q.     All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, U.S.C., Sections 846 and 841 involving KAREEM BROWN, GWENDOLYN WALLER, DONNEL SEDGWICK and JARED JOHNSON since January 1, 2014, including, for each username identified on Attachment A, information pertaining to the following matters:

(a)  Communications involving the sale of illegal narcotics, sale and trafficking of firearms, recruitment of gang members, organized criminal acitivity by both members and associates of the gang(s), threats of bodily harm and any other conspiratorial knowledge of the overall criminal activity of the Drug Trafficking Organization (DTO) and those associated with the DTO.

(b)  Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;



(c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user IDs described in Attachment A about matters relating to the overall organized criminal activity of those in and associated with the DTO including records that help reveal their whereabouts.

